KELLY–WHEATON CO. v. E. E. TUTSCH & CO. et al.

Civ. A. No. 1582.

District Court, W. D. Wisconsin.

March 12, 1947.

George E. Kirk, of Toledo, Ohio, and Thomas N. Burke, of Madison, Wis., for plaintiff.

S. L. Wheeler, of Milwaukee, Wis., and Randolph R. Conners, of Madison, Wis., for defendants.

STONE, District Judge.

Plaintiff, an Ohio corporation, with offices at Toledo, Ohio, brought this action against the defendants, copartners, doing business at Madison, Wisconsin, and has alleged in its complaint that defendents infringed Claims 5, 11 and 12 of plaintiff's patent No. 2,160,023.

The defendants deny infringement and contend that the patent in suit is invalid in that the claims lack invention and were anticipated by prior patents.

The application for the patent in suit was filed March 28, 1938, and the patent issued May 30, 1939.

The claims of the patent in suit read as follows:

"Claim 5. A congealed material gathering tool including a directing handle, and a bowl having an arc of shorter radius in the direction of the bowl extent toward the handle and of greater radius transversely of the handle, the latter radius being of less arc than the former.

"Claim 11. A dispensing tool for congealed material embodying a handle, a bowl, a rim for the bowl having a material-severing portion and a remote portion, and side portions therebetween concave in their extent away from the severing rim portion.

"Claim 12. An integral metallic dispensing scoop of the character described comprising a single-walled body formed into a material-receiving bowl having a cutting edge with a concave edge extending therefrom, and a handle having one end of its grip portion directly connected to said bowl, the said grip portion of the handle being of such length that it will be normally gripped close to the bowl, whereby heat from the operator's hand will be conducted through the handle directly to the bowl."

The plaintiff's patented device is an ice cream scoop used principally for gathering portions of ice cream from a storage container for cones. It has a deep bowl surrounded by a rim which is continuous around all sides thereof, the bowl being longer in the direction of the handle than it is wide transversely of the handle and having a higher rim at the handle end and the severing end than at its sides. The handle is hollow and is filled with a heat conductive liquid which carries heat from the operator's hand to the bowl of the scoop. With the liquid in the handle plaintiff's device may be operated almost continuously without adherence of ice cream to the bowl. Without such liquid in the handle the ice cream adheres to the bowl after one or two dips or operations.

The parties stipulated as follows:

(a) That the Isaly Rainbow Spoon, Exhibit A, was manufactured and sold publicly by Isaly Dairy and the Rainbow Dipping Spoon Company of Youngstown, Ohio, and their respective customers prior to May 23, 1933;

(b) That the following patents antedate the plaintiff's patent in suit:

| | | | |
|---|---|---|---|
| Plotts | — | 431,914 | — Ex. E |
| Calhoun | — | 34,267 | — Ex. F |
| Goldsmith | — | 58,223 | — Ex. G |
| Shriver | — | 25,852 | — Ex. H |
| Levy | — | 1,607,765 | — Ex. I |
| Jacoby | — | 50,474 | — Ex. J |
| Sencenbaugh | — | 51,049 | — Ex. K |
| Gray | — | 2,019,566 | — Ex. L |
| Miller | — | 1,255,906 | — Ex. M |
| Swalm | — | 29,695 | — Ex. N |

(c) That Exhibit B, pages of photostats, are true copies of the title page and pages 108 and 109 of the catalogue of Cherry-Burrell Corporation, No. 1930, published in 1930, and the items, a Solid Cast Aluminum Ice Cream Spade, a Wood Handled Ice Cream Spade, a Rainbow. Cone Spoon, a Cast Aluminum Transfer Ladle, and two Indestructo Spade Spoons, Nos. 20 and 21, therein illustrated, were publicly known to and used by Cherry-Burrell Corporation and its customers prior to May 23, 1933.

The use of the Rainbow Spoon to gather ice cream in a loose roll was demonstrated in court. Any spoon will roll together ice cream.

It is undisputed that the defendant, Crawford, has used the Rainbow Spoon, Exhibit A, to roll gathers of ice cream for cones since April 1934.

One objection to the use of the long handle on the Rainbow Spoon was that by dipping ice cream with it continuously the sales girls developed a wrist strain. To avoid the strain they gripped the handle close to the bowl with the fingers partly curled around the spoon. In 1937 Crawford shortened the handle on the Rainbow Spoon and set it opposite the cutting edge, thereby making it more useful and efficient in the roll gather of ice cream, as disclosed by Exhibit O. It was thereafter cast in one piece and used continuously by Crawford. It required only mechanical skill to relocate the handle and to cast it in one piece with the spoon.

The Plotts patent, Exhibit E, dated July 8, 1890, shows a spoon with a short integral metal handle.

The Goldsmith patent, Exhibit G, dated June 28, 1921, discloses a combined metal spoon and culinary masher.

The Levy patent, Exhibit I, dated November 23, 1926, discloses an ice cream scoop with a bowl and short handle.

The Miller patent, Exhibit M, dated February 12, 1918, relates to an ice cream serving device with bowl and handle used to transfer ice cream from a storage receptacle to the individual dishes.

The Gray patent, Exhibit L, dated November 5, 1935, discloses a disher used for dishing ice cream from a bulk container and has for its object a spoon by which a measured quantity of ice cream can be dished out in the form of a plug or cone and readily deposited in a dish or cone.

The Sencenbaugh patent, Exhibit K, dated July 17, 1917, and the Shriver patent, Exhibit H, dated August 4, 1896, are designs for spoons.

The Calhoun patent, Exhibit F, dated March 26, 1901, has a bowl, cutting edge and handle connected directly to the bowl.

Only one of the foregoing references was cited by the patent office against the application for the patent in suit, although all show metal spoons and integral handles.

Measurements made in court with templates disclosed that defendants' spoon and the Rainbow Spoon, Exhibit A, are almost identical in contour both lengthwise and laterally, the principal difference being in the length and position of the handle on the bowl.

There is a marked difference between plaintiff's patented device and defendants' spoon. The claims in suit describe the handle of plaintiff's scoop as extending in the direction in which the bowl is elongated. In defendants' device the handle has an entirely different position. It extends obliquely with reference to the spoon.

Defendants' device except for the length and the location of the handle is almost identical to the Isaly Rainbow Spoon, which was being sold to the public in 1930, eight years before plaintiff filed its application for the patent in suit. Its spoon has the same shape of a trough as found in the Isaly Rainbow Spoon. It has the same concave cutting edges and the ends of the spoon are flat with no edges or rims.

The plaintiff's scoop takes the form of a bowl, with upstanding edges and rims around four sides of the scoop described in the claims of the patent as extending upwardly from the bowl and parallel to each other and to the line of the handle. It has its greater length disposed longitudinally. Defendants' spoon has its greater length disposed laterally.

Defendants' device is a spoon; plaintiff's is not. It is the spoon in defendants' device that accomplishes the rolling.

The handle on plaintiff's scoop is hollow and made so for use, as a container for a

heat conducting liquid that conducts the heat from the operator's hand to the bowl, thereby preventing the ice cream from freezing to the bowl.

With liquid in the handle of plaintiff's scoop one can dip ice cream almost indefinitely without the cream adhering to the bowl.

This feature is not found in defendants' spoon which has a solid metal handle. The alleged advantage and superiority of plaintiff's scoop over prior art is attributable to the hollow handle and the heat conducting fluid that is hermetically sealed therein. No provision is made in defendants' spoon for a fluid, and consequently it cannot be used longer than a minute and a half before ice cream freezes to the bowl. The demonstration in court showed that plaintiff's device without the liquid in the handle could not deliver more than one or two scoops of ice cream before the ice cream froze to the bowl.

Defendants' spoon followed the prior art found in the Gray, Sencenbaugh and Plotts patents, certainly not that found in the plaintiff's patent.

The claims in suit are not readable on defendants' device. Plaintiff has failed to prove infringement of any of the claims of the patent in suit.

Judgment may be entered dismissing plaintiff's complaint with costs.